EXHIBIT A

| | |
|---|---|
| DISTRICT COURT, ARAPAHOE COUNTY, COLORADO<br><br>Court Address: 7325 South Potomac Street<br>Centennial, Colorado 80112 | DATE FILED<br>April 6, 2026 5:08 PM<br>FILING ID: 7817C444C80E1<br>CASE NUMBER: 2026CV30932 |
| **Plaintiff: DANIELLE SANCHEZ**<br><br>v.<br><br>**Defendant: DOLLAR TREE STORES, INC. and REDDY ICE LLC** | ▲ **COURT USE ONLY** ▲ |
| Plaintiff's Attorney:<br>Name: Charles G. Crichton, #38557<br>Stephen C. Kaufman, #10564<br>Kidneigh, Kaufman & Crichton, P.C.<br>Address: 730 17th Street<br>Suite 635<br>Denver, Colorado 80202<br>Phone Number: (303) 393-6666<br>Fax Number: (303) 393-0132<br>E-mail: skaufman@kandkpc.com<br>ccrichton@kandkpc.com | Case Number: 2026CV<br><br>Div.: Ctrm: |
| **COMPLAINT** | |

**COMES NOW** the Plaintiff, by and through her attorneys, KIDNEIGH, KAUFMAN & CRICHTON, P.C., and as claims against the Defendants, and each of them, states, alleges, and avers as follows:

**FIRST CLAIM FOR RELIEF**
(Defendant Dollar Tree Stores, Inc.)

1. The Plaintiff, Danielle Sanchez, is a resident of the State of Colorado, residing at 3354 S. Flower St #90, Lakewood, Colorado 80227 and she has resided therein at all times necessary to this action.

2. At all times necessary to this action, Defendant Dollar Tree Stores, Inc. (hereinafter Dollar Tree) was and is a Virginia corporation doing business in the State of Colorado, with its offices and

principal place of business being located at 500 Volvo Parkway, Chesapeake, Virginia 23320.

3. At all times necessary to this action, Defendant Reddy Ice LLC (hereinafter Reddy Ice) was and is a Nevada Limited Liability Company doing business in the State of Colorado, with its offices and principal place of business being located at 5710 Lyndon B. Johnson Freeway, Suite 300, Dallas, Texas 75240.

4. At all times necessary to this action Defendant Dollar Tree was the owner, operator, and property manager of a store selling a variety of goods and merchandise located at 2819 West Belleview Avenue, Colorado 80123.

5. At all times necessary to this action unknown persons were employees or agents of the Defendant Dollar Tree and said unknown persons were acting within the course and scope of their employment or agency with Defendant Dollar Tree, and with the authority of the Defendant Dollar Tree, such that the Defendant Dollar Tree is liable for the acts and omissions of said unknown employees or agents, as described below, based on the doctrine of *respondeat superior* or pursuant to general agency law, or because they had a non-delegable duty pursuant to C.R.S. 13-21-115.

6. At all times necessary to this action the Defendant Dollar Tree and others were joint venturers and/or acted in concert with respect to their responsibilities to operate, maintain, inspect, and keep clean, clear, and in good condition and repair the said store, including the aisles, floors, and walkways at the said store, as well as the coolers and freezers at the said store. This included: (a) keeping the aisles, floors, and walkways at the said store reasonably clear of water, liquids, and other substances, and free of hazardous and dangerous conditions, and warning of hazardous and dangerous conditions, or arranging for others to do the same; (b) keeping the coolers and freezers from leaking, inspected, in good condition and repair, well maintained, free of hazardous and dangerous conditions, and warning of hazardous and dangerous conditions associated with the coolers and freezers, or arranging for others to do the same; and (c)inspecting the areas of the store where others make deliveries and stock what is being delivered to determine if the delivery had been properly made and the items being delivered had been properly stocked, and if the delivery had not been properly made or if the items being delivered had not been properly stocked, to remove any substances from the floor, liquid or otherwise, that had fallen onto the floor during the course of delivery or stocking, or to warn of same being on the floor, or to cordon off the area. Accordingly, with respect to the acts and omissions of the Defendant Dollar Tree and of others as set forth below, they are attributable to the Defendant Dollar Tree, such that the Defendant Dollar Tree is liable for the acts and omissions of others pursuant to general joint venture law and C.R.S. 13-21-111.5, and/or because it had a non-delegable duty pursuant to C.R.S. 13-21-115.

7. On information and belief oral and written contracts may have existed and been in effect at all times necessary to this action between the Defendants and/or between the Defendants and other parties requiring each or both of the Defendants or other parties to perform the services set forth in

the preceding paragraph.

8. On or about December 3, 2024, Plaintiff. Sanchez was at the said store and had taken items up to the register to purchase. After checking out she was walking towards the said store's exit when she slipped on water or another liquid substance that was on the floor and fell to the floor. The water appeared to be coming from or nearby a cooler or freezer within the said store that contained ice. This incident occurred after Defendant Reddy Ice made a delivery of ice that same day to the said store and stocked a cooler or freezer in the said store with the ice.

9. The aforedescribed condition of water or another liquid substance being on the floor within the said store had been present within the said store for a long enough period of time prior to Plaintiff Sanchez's said fall, such that Defendant Dollar Tree knew or should have known it was present, yet neither the Defendant Dollar Tree, its employees, agents, or joint venturers, for whom the Defendant is vicariously liable, had removed the said water or other liquid substance from the said floor, warned of the said water or other liquid substance on the said floor, or cordoned off the said floor where the said water or other liquid substance was present, or done anything to reduce the risk of someone slipping and falling in the area where the said water or other liquid substance was on the said floor.

10. The said incident involving Plaintiff Danielle Sanchez occurred as a direct and proximate result of the breach of obligations under C.R.S. 13-21-115, and the negligence and carelessness of the Defendant Dollar Tree, or of its employees, agents, or joint venturers, for which the Defendant Dollar Tree is vicariously liable, or because the Defendant Dollar Tree had a non-delegable duty pursuant to C.R.S. 13-21-115. The breach of obligations under C.R.S. 13-21-115 and the negligence and carelessness of the Defendant Dollar Tree, or its employees, agents, and joint venturers, for whom the Defendant Dollar Tree is vicariously liable, or liable because it had a non-delegable duty consisted of, but was not limited to, the following: failing to remove within a reasonable period of time the water or other liquid substance from the said floor; failing to warn of the water or other liquid substance on the said floor; failing to warn of water or other liquid substance being on the floor at all, or in such a way that a reasonably observant person would see the warning and understand that the warning applied to the area where the Plaintiff slipped and fell; failing to cordon off the area where there was water or another liquid substance on the said floor; failing to inspect the floor in the said store for water or other liquid substances being on the said floor, including but not limited to after a delivery of ice has been made and the ice has been stocked in a cooler or refrigerator; failing to have a system in place for the detection of water or other liquid substances on the said floor, including but not limited to after a delivery of ice has been made and the ice has been stocked in a cooler or refrigerator, and, if detected, for the clean-up of the water or other liquid substances on the said floor, or if there was such a system in place, failing to follow that system; allowing the said cooler or freezer to remain in operation while it was leaking; failing to repair the said cooler or freezer in a timely manner; failing to keep the said cooler or freezer well maintained and in good repair; failing to have a system in place to address a leaking cooler or freezer and for

keeping water or other liquids from leaking or continuing to leak onto the floor; failing to warn of a hazardous and dangerous condition within the said store, or to cordon off the area where the hazardous and dangerous condition was present within the said store; unreasonably failing to exercise reasonable care to protect against dangers of which the Defendant Dollar Tree actually knew or should have known; and failing to adequately supervise the operation, upkeep, inspection, management, and maintenance at the said store, so as to allow for all of the foregoing.

11. As a direct and proximate result of the aforedescribed breach of obligations under C.R.S. 13-21-115 and the negligence and carelessness of the Defendant Dollar Tree, or for which it is vicariously liable, or liable because the Defendant had a non-delegable duty, and further, as a direct and proximate result of the aforedescribed fall, the Plaintiff, Danielle Sanchez, sustained grave and permanent bodily and psychological injuries, including, but not limited to, injuries to her left leg, left knee, left hip, and left foot, and emotional difficulties characterized by depression, anger, anxiety and frustration. The injuries so sustained have necessitated extensive medical care and treatment, including but not limited to surgery and have resulted in physical limitations.

12. As a direct and proximate result of the aforedescribed breach of obligations under C.R.S. 13-21-115 and the negligence and carelessness of the Defendant Dollar Tree, or for which it is vicariously liable, or liable because the Defendant Dollar Tree had a non-delegable duty, and further, as a direct and proximate result of the aforedescribed fall, the Plaintiff Danielle Sanchez has incurred in the past and will incur in the future, medical, rehabilitation, and physiotherapy expenses related thereto; has suffered in the past and will continue to suffer in the future, great mental and physical pain and suffering; has suffered in the past and will continue to suffer in the future a loss of time, travel expenses, a loss of enjoyment of life, impairment to the quality of life, inconvenience, impairment, disfigurement, and disability; has suffered in the past and will suffer in the future a loss of income and a diminution of earning capacity; as well as other economic and non-economic damages, all to her compensatory damages in an amount to be determined at trial.

## **SECOND CLAIM FOR RELIEF**

(Defendant Reddy Ice LLC)

13. Plaintiff incorporates by reference into this Second Claim for Relief all preceding paragraphs contained in this Complaint as if set forth verbatim herein.

14. At all times necessary to this action Defendant Reddy Ice delivered and stocked ice in a freezer or cooler at the said store.

15. At all times necessary to this action Defendant Reddy Ice was responsible for delivering ice to the said store and stocking it in such a manner so that ice and/or water that had melted from the ice being delivered and stocked would not fall onto the floor of the said store and, if in the event that ice and/or water that had melted from the ice did fall onto the floor, Defendant Reddy Ice was

responsible for removing it from the floor and/or for warning of the water on the floor, all so as to keep the floor free of hazardous and dangerous conditions.

16. At all times necessary to this action unknown persons were employees or agents of the Defendant Reddy Ice and said unknown persons were acting within the course and scope of their employment or agency with Defendant Reddy Ice, and with the authority of the Defendant Reddy Ice, such that the Defendant Reddy Ice is liable for the acts and omissions of said unknown employees or agents, as described below, based on the doctrine of *respondeat superior* or pursuant to general agency law, or because they had a non-delegable duty pursuant to C.R.S. 13-21-115.

17. At all times necessary to this action the Defendant Reddy Ice and others were joint venturers and/or acted in concert with respect to their responsibilities to deliver to and stock ice at the said store in such a manner that ice or water from melting ice does not fall onto the floor of the said store and, in the event ice or water from melting ice does fall onto the floor it is the responsibility of Reddy Ice and said others to timely remove the ice and water from melting ice from the floor, to warn thereof, and to cordon off the area where the ice and water from melting ice is on the floor. Accordingly, with respect to the acts and omissions of the Defendant Reddy Ice and of others as set forth below, they are attributable to the Defendant Reddy Ice, such that the Defendant Reddy Ice is liable for the acts and omissions of others pursuant to general joint venture law and C.R.S. 13-21-111.5, and/or because it had a non-delegable duty pursuant to C.R.S. 13-21-115.

18. The aforedescribed incident involving Plaintiff Danielle Sanchez occurred as a direct and proximate result of the breach of obligations under C.R.S. 13-21-115, and the negligence and carelessness of the Defendant Reddy Ice, or of its employees, agents, or joint venturers, for which the Defendant Reddy Ice is vicariously liable, or because the Defendant Reddy Ice had a non-delegable duty pursuant to C.R.S. 13-21-115. The breach of obligations under C.R.S. 13-21-115 and the negligence and carelessness of the Defendant Reddy Ice, or its employees, agents, and joint venturers, for whom the Defendant Reddy Ice is vicariously liable, or liable because it had a non-delegable duty consisted of, but was not limited to, the following: allowing ice and/or water from melting ice to fall onto the floor of the said store while delivering ice to and stocking ice at the said store; failing to remove the ice and water from melting ice from the floor within a reasonable period of time; failing to warn of ice or the water from melting ice on the said floor at all, or in such a way that a reasonably observant person would see the warning and understand that the warning applied to the area where the Plaintiff slipped and fell; failing to cordon off the area where there was ice and the water from melting ice on the said floor; failing to inspect the floor in the said store after delivering to and stocking ice at the said store; failing to have a system in place for the detection of ice or the water from melting ice on the said floor after the delivery and stocking of ice at the said store, and if detected, for the clean-up of the ice or the water from melting ice on the said floor, or for the warning of same, or for cordoning off the area where water or the water from melting ice was on the floor, or if there was such a system in place, failing follow that system so at to remove the hazardous and dangerous condition within the said store that it created, or warn thereof, or cordon

off the area where the hazardous and dangerous condition that it created was present within the said store; unreasonably failing to exercise reasonable care to protect against dangers of which the Defendant Reddy Ice actually knew or should have known; and failing to adequately supervise the delivery to and stocking of ice at the said store, so as to allow for all of the foregoing.

19. As a direct and proximate result of the aforedescribed breach of obligations under C.R.S. 13-21-115 and the negligence and carelessness of the Defendant Reddy Ice, or for which it is vicariously liable, or liable because the Defendant Reddy Ice had a non-delegable duty, and further, as a direct and proximate result of the aforedescribed fall, the Plaintiff, Danielle Sanchez, sustained grave and permanent bodily and psychological injuries, including, but not limited to, injuries to her left leg, left knee, left hip, and left foot, and emotional difficulties characterized by depression, anger, anxiety and frustration. The injuries so sustained have necessitated extensive medical care and treatment, including but not limited to surgery and have resulted in physical limitations.

20. As a direct and proximate result of the aforedescribed breach of obligations under C.R.S. 13-21-115 and the negligence and carelessness of the Defendant Reddy Ice, or for which it is vicariously liable, or liable because the Defendant Reddy Ice had a non-delegable duty, and further, as a direct and proximate result of the aforedescribed fall, the Plaintiff Danielle Sanchez has incurred in the past and will incur in the future, medical, rehabilitation, and physiotherapy expenses related thereto; has suffered in the past and will continue to suffer in the future, great mental and physical pain and suffering; has suffered in the past and will continue to suffer in the future a loss of time, travel expenses, a loss of enjoyment of life, impairment to the quality of life, inconvenience, impairment, disfigurement, and disability; has suffered in the past and will suffer in the future a loss of income and a diminution of earning capacity; as well as other economic and non-economic damages, all to her compensatory damages in an amount to be determined at trial.

**WHEREFORE**, Plaintiff Danielle Sanchez herein prays for judgment against the Defendants, and each of them, jointly and severally, as follows:

A. For judgment in favor of Plaintiff Danielle Sanchez in an amount to be determined at trial as and for compensatory damages;

B. For judgment in favor of Plaintiff Danielle Sanchez awarding pre and post judgment interest as provided for by law, costs, expert witness fees, attorneys' fees, expenses, and such other relief as the court may deem proper in the premises.

*Filed via ICCES*
*A duly signed original on file with the office of Kidneigh, Kaufman & Crichton, P.C.*

*/s/ Stephen C. Kaufman*
STEPHEN C. KAUFMAN #10564
CHARLES G. CRICHTON #38557

Plaintiff's Address:
3354 S. Flower St #90
Lakewood, Colorado 80227